UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HORACE BEAVER, JR.,

                            Plaintiff,

     v.                                       5:16-CV-1454
                                                      (BKS/ATB)

WENDY FRANKLIN, ADA, et al.,

                            Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HORACE BEAVER, JR.
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Horace Beaver, Jr. (Dkt. Nos. 1, 2).[1]

**I.**    **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[1] This action was administratively closed on December 7, 2016 based on plaintiff's failure to submit a proper IFP application. (Dkt. No. 4). However, on December 15, 2016, plaintiff submitted the appropriate documents, and the case was reopened and sent to me for initial review. (Dkt. Nos. 5-6).

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   Complaint

Plaintiff alleges that "on or about November 2013," defendant Karen Jerkes (plaintiff's ex-mother-in-law) conspired with defendant Cortland County Assistant

District Attorney ("ADA") Wendy Franklin to "convict" plaintiff of some unidentified child molestation charges. (Complaint ("Compl." ¶ 4 at p.4) (Dkt. No. 1). Plaintiff alleges that ADA Franklin spoke with plaintiff's step-daughter without her mother present. (*Id.*) Plaintiff claims that the child "recanted" in December of 2013, but that ADA Franklin still offered plaintiff a "plea deal" to "misdemeanors." When plaintiff refused the "deal," ADA Franklin allegedly spoke to plaintiff's step daughter again and threatened her if she changed her story.

Plaintiff claims that by threatening the child, ADA Franklin "secured" the child's testimony for the Grand Jury. (*Id.*) Plaintiff alleges that, after the child testified before the Grand Jury, she wrote letters to her other two siblings, stating that ADA Franklin threatened her so that she would testify against plaintiff. Plaintiff also appears to claim that on March 12, 2014, the "ADA"[2] had a meeting with plaintiff's wife after the ADA found out that plaintiff had spoken with his wife in violation of an order of protection. (Compl. at p.5). Plaintiff claims that the ADA "made" the child's mother allow the child go and live with her grandmother until plaintiff was sentenced on the charges, and made her "break all ties with Plaintiff." (*Id.*)

Plaintiff states that "on or about" March 18, 2014, plaintiff's attorney spoke with him to discuss ADA Franklin's "new plea agreement." Plaintiff states that ADA Franklin "twisted" the meaning of "phrases" from a taped conversation to "accommodate" her charges, knowing that the charges were false. Plaintiff also claims

---

[2] In this sentence of the complaint, plaintiff does not specify to which defendant he is referring. Until this point, he has only mentioned ADA Franklin. The court assumes that plaintiff is referring to defendant Franklin because defendant Gwen Wilkinson is the District Attorney of Cortland County, and plaintiff only mentions her in the caption of the complaint.

3

that ADA Franklin violated "verbal agreements" between "parties and their lawyers." (*Id.*) Plaintiff states that "[i]t is a very strong belief that . . . Wendy Franklin and Karen Jerkes conspired to get conviction on [sic] Plaintiff from all the facts and situations and background of both defendants in this."[3] (*Id.*)

Plaintiff claims that in August of 2016, defendant Franklin resigned from the DA's office after failing to notify a "key witness" of a trial date. (*Id.*) Plaintiff also alleges that ADA Franklin has "given up" two positions in two counties for "situations" that involved "questionable ethics," and which demonstrate that she will "engage in less than [an] ethical way to achieve what she wants." Plaintiff claims that this behavior caused his imprisonment and the loss of his family.

The complaint contains three "claims:" Unlawful imprisonment; Slander; and Defamation. (Compl. at CM/ECF p.6). Plaintiff requests a substantial amount of money damages in his "Relief" section, and he also states that he is seeking "write statement of guilty."[4]

I. **Respondeat Superior/Personal Involvement**

   A. **Legal Standards**

   Personal involvement is a prerequisite to the assessment of damages in a section

---

[3] Plaintiff mentions "both" defendants, meaning ADA Franklin and ex-mother-in-law. As stated above, DA Wikinson is the third defendant, but plaintiff never mentions DA Wilkinson in the body of the complaint.

[4] It is unclear what plaintiff means by a "write" statement of guilty. In the body of the complaint plaintiff appears to claim that the charges were false, which would be consistent with his claim of unlawful imprisonment. However, the court notes that plaintiff appears to have pled guilty. The court will interpret the plaintiff's claims to raise the strongest arguments that they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

1983 case, and respondeat superior is an inappropriate theory of liability. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See also Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Some courts have discussed whether all of the *Colon* factors are still viable after *Ashcroft*. *See Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 439 (E.D.N.Y. 2012) (discussing cases). However, the court in *Conklin* ultimately determined that it was unclear whether *Colon* had been overruled or limited, and continued to apply the factors outlined in *Colon*. *Id.* In making this determination, the court in *Conklin* stated that "it remains the case that 'there is no controversy that allegations that do not satisfy any of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor.'" *Id.* (quoting *Aguilar v. Immigration Customs Enforcement Div. of the U.S.*

*Dep't of Homeland Sec.*, 811 F. Supp. 2d 803, 815 (S.D.N.Y. 2011)). *See also Jones v. Smith*, No. 09-CV-1058, 2015 WL 5750136, at *8 n.6 (N.D.N.Y. Sept. 30, 2015) (discussing the use of the *Colon* factors absent definitive guidance from the Second Circuit).

### B. Application

In the caption of the complaint, plaintiff names three defendants: ADA Franklin; DA Wilkinson; and private citizen, Karen Jerkes.[5]  The complaint then describes the facts upon which plaintiff bases his case.  Although plaintiff states that ADA Franklin and Ms. Jerkes conspired to convict plaintiff, he never mentions DA Wilkinson anywhere other than the caption of the complaint.  There are no facts whatsoever alleged against the District Attorney, and there is no indication that plaintiff is alleging the existence of a policy or any other basis sufficient to establish supervisory liability against the District Attorney.  Thus, the complaint may be dismissed as against DA Wilkinson for failure to allege personal responsibility against her.  In addition the entire complaint may be dismissed for other reasons as discussed below.

## II. Prosecutorial Immunity

### A. Legal Standards

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated

---

[5] The court understands that private conduct does not meet the state action requirement of section 1983, unless the private actor is alleged to have "conspired" with state actors.  Plaintiff in this case is alleging that Ms. Jerkes "conspire[d]" with ADA Franklin to have plaintiff convicted.  Thus, the court will not recommend dismissal based on a lack of state action.

6

with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

**B.    Application**

Plaintiff alleges that defendant Jerkes "was in contact" with ADA Franklin, and that ADA Franklin spoke to the child, and allegedly procured the child's grand jury testimony by "threatening" her if she changed her story. Evaluating and organizing evidence for presentation at trial or to a grand jury is protected by absolute immunity. *Morris v. Martin*, No. 5:16-CV-601, 2016 WL 4059209, at *5 (N.D.N.Y. June 21, 2016) (quoting *Hill v. City of New York*, 45 F.3d 653, 656 (2d Cir. 1995)), *Rep't Rec. adopted by* 2016 WL 4098611 (N.D.N.Y. Jul. 28, 2016). Prosecutorial immunity has been extended to coercion of witnesses as well as falsification of evidence and solicitation of perjury. *Id.* at *6 (citing *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir. 1981)). Prosecutorial immunity covers a conspiracy to present falsified evidence before

7

the Grand Jury, even assuming that the witness's testimony is ultimately false. *Harrison v. County of Nassau*, No. 15-CV-2712, 2016 WL 4083381, at *4 (E.D.N.Y. Aug. 1, 2016) (citing *Shmueli v. City of New York*, 424 F.3d 231, 237-38 (2d Cir. 2005)). Absolute immunity protects the prosecutor even where "the prosecutor knowingly prosecutes an innocent person." *Id.*

In this case, even from plaintiff's own recitation of the facts, it appears that the prosecutor was attempting to tell the child what could happen to her if she "changed her story" and attempting to confirm what her testimony would be. Essentially, the prosecutor was "evaluating" the child's proposed testimony for purposes of presentation to the Grand Jury. Even if the conduct could be interpreted as attempting to coerce the child into testifying, such conduct is within the scope of prosecutorial immunity. Therefore, the court will recommend dismissal as against both ADA Franklin and DA Wilkinson based on prosecutorial immunity. To the extent that plaintiff is suing DA Franklin for her conduct during plea negotiations, such conduct is also protected by absolute immunity. *Taylor v. Kavanagh*, 640 F.2d at 451-52 (absolute immunity extends to plea negotiations and sentencing proceedings). *See Brown v. Paterson*, No. 10 Civ. 5833, 2011 WL 7429454, at *7 (S.D.N.Y. Dec. 27, 2011) (prosecutorial function includes plea bargaining), *Rep't Rec. adopted by* 2012 WL 639151 (S.D.N.Y. Feb. 28, 2012).

**III.** *Heck v. Humphrey*

    **A.** **Legal Standards**

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983

action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

### B. Application

In this case, it appears that the plaintiff pled guilty to some charges. It is unclear what those charges were, although plaintiff apparently states that they were "false." (Compl. at 5). Plaintiff's first claim is one of "unlawful imprisonment." However, he is currently incarcerated, and he has not stated that the conviction that resulted from the charges to which he refers in this complaint has been reversed, expunged, or declared invalid. Thus, he cannot litigate his claim "unlawful imprisonment" in this complaint, against any of the defendants, at this time.

This would also apply to "slander" and "defamation of character."[6] *See Xiang Li v. Shelhamer*, No. 5:10-CV-801, 2012 WL 951550, at *4 (N.D.N.Y. Mar. 20, 2012) (plaintiff's claims that defendant defamed him through statements made in his criminal proceeding that resulted in his conviction are barred by *Heck*); *Lane v. Papadimitrious*,

---

[6] Under New York law, "defamation" is defined as "injury to one's reputation either by written expression - libel, or by oral expression - slander. *Kennedy v. City of New York*, No. 12 Civ. 4166, 2015 WL 6442237, at *12 (S.D.N.Y. Oct. 23, 2015) (citing *Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 517 (S.D.N.Y. 2013)). "A cause of action for slander requires '(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) 'of and concerning' the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege.'" *Id.* (quoting *Albert v. Loksen*, 239 F.3d 256, 265 66 (2d Cir. 2001); citing *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 214 (S.D.N.Y.2014)). Truth is an absolute defense to a civil defamation action. *Id.* In order to sustain an action for defamation, plaintiff would have to show that the charges or the statements made against him were false. Such finding would affect the validity of the conviction, and would thus be barred by *Heck*.

9

No. 6:10-CV-647, 2010 WL 2803468, at *1 (N.D.N.Y. July 14, 2010) (plaintiff's claims in the nature of perjury, slander, evidence tampering, conspiracy to bring unfounded criminal charges against him, and false imprisonment necessarily implicate the validity of his conviction and a thus barred under *Heck* until such time as the conviction may be vacated or otherwise invalidated) (citing *Channer v. Mitchell*, 43 F.3d 786, 787-88 (2d Cir. 1994); *Jackson v. County of Nassau*, No. 07-CV-245, 2010 WL 335581, at *8 (E.D.N.Y. Jan. 22, 2010)). Therefore, plaintiff's complaint may be dismissed.

## IV. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

Because plaintiff's claims are barred by *Heck*, he may not amend at this time. With respect to the prosecutor defendants, it is clear that plaintiff would not be able to amend to state a claim for damages against these individuals at any time with the facts as he has stated them, notwithstanding the status of plaintiff's criminal conviction. The court notes that plaintiff appears to allege that defendant Jerkes conspired with the

prosecutors to falsely convict plaintiff.  Assuming that defendant Jerkes could be considered a "complaining witness," who helped initiate a baseless prosecution, she would not be entitled to absolute witness immunity, even if she subsequently testified at trial. *See Cipolla v. County of Rensselaer*, 129 F. Supp. 2d 436, 450-51 (N.D.N.Y. 2001) (citations omitted).

However, a favorable decision on any claim against defendant Jerkes would affect the validity of plaintiff's conviction and would be barred at this time by *Heck*. Thus, the court will recommend dismissal without prejudice as to this defendant, but plaintiff may not attempt to bring a new action against defendant Jerkes unless and until plaintiff's criminal conviction is vacated or reversed.  This court makes no finding regarding the ultimate merits of any claim that could be brought against this defendant, assuming that the plaintiff was able to obtain a reversal of his conviction.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) **WITH PREJUDICE** as against ADA Franklin and DA Wilkinson based on absolute immunity and failure to state a claim, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to defendant Jerkes for failure to state a claim pursuant to *Heck v. Humphrey, supra*, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-

11

Recommendation, that the district court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from the district court's order would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 16, 2016

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge