**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**HORACE BEAVER, JR.,**

        **Plaintiff,**

v.

        **5:16-CV-1454 (BKS/ATB)**

**WENDY FRANKLIN,** *Assistant District Attorney, et al.*,

        **Defendants.**

---

**Appearances:**

Horace Beaver, Jr.
14-B-2131
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403
Plaintiff, pro se

**Hon. Brenda K. Sannes, U. S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Horace Beaver, Jr. brought this *pro se* action under 42 U.S.C. § 1983, raising claims against Assistant District Attorney Wendy Franklin and others, following her prosecution of him for unidentified child molestation charges. Dkt. No. 1. This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on December 16, 2016, issued an Order and Report-Recommendation recommending that this action be dismissed in its entirely. Dkt. No. 7, p. 11. Magistrate Judge Baxter advised the parties that, under 28 U.S.C. § 636(b)(1) and

1

Local Rule 72.1(c), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. Dkt. No. 7, p. 12. Plaintiff has filed objections to the Report-Recommendation. Dkt. No. 22. For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atlantic Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Petersen*, 2 F. Supp. 3d at 229. In this case, Plaintiff has raised specific objections which this Court has reviewed *de novo*.

## III. Discussion

The Complaint alleges that Plaintiff's mother-in-law, Karen Jerkes, conspired with Assistant District Attorney Wendy Franklin to convict Plaintiff of unidentified child molestation offenses. Dkt. No. 1, pp. 4-5. Plaintiff alleges that ADA Franklin spoke to Plaintiff's step-daughter outside the presence of the girl's mother; that ADA Franklin "made threats" to the girl after the girl recanted, and thereby secured the girl's grand jury testimony; that ADA Franklin pursued false charges against the Plaintiff; and that ADA Franklin "broke verbal agreements . . . between the parties and their lawyers." *Id.*, p. 4. Plaintiff alleges claims for unlawful

imprisonment, slander, and defamation. *Id.*, p. 6. Plaintiff also named the District Attorney, Gwen Wilkinson, as a defendant, but did not include any allegations regarding her in the Complaint.

Magistrate Judge Baxter recommended dismissing the Complaint with prejudice against ADA Franklin and DA Wilkinson based on absolute immunity and failure to state a claim. Magistrate Judge Baxter noted that ADA Franklin's conduct in evaluating the stepdaughter's testimony for presentation to a grand jury was protected by absolute immunity. Dkt. No. 7, p. 6-8. In addition, with respect to DA Wilkinson, Magistrate Judge Baxter noted that there were no facts whatsoever alleged against her. *Id.*, p. 6. Magistrate Judge Baxter recommended dismissing the complaint without prejudice as to defendant Jerkes under the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes civil lawsuits from being used to attack criminal convictions. Dkt. No. 7, p. 8-10.

Plaintiff objects to Magistrate Judge Baxter's recommendation that ADA Franklin is entitled to absolute immunity. Dkt. No. 22, p. 1. Plaintiff argues that by interviewing the child "and not allowing parent present," ADA Franklin was acting "outside the scope of duty," and was not entitled to immunity. *Id.* Plaintiff also argues that ADA Franklin acted "outside the scope of her duties to obtain a plea, threats, cocherion [sic], false promises." *Id.*, p. 2. Plaintiff's claims are without merit. A prosecutor "engaged in advocative functions will be denied absolute immunity only if he acts 'without any colorable claim of authority.'" *Bernard v. County of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) (citation omitted). Absolute immunity does not, for example, protect a prosecutor who makes "an unauthorized demand for a bribe [or] sexual favors" to initiate or drop criminal charges. *Id.* In this case, there is no such unauthorized

3

conduct alleged. DA Franklin's interview of the child, prior to the child's grand jury testimony, was well within ADA Franklin's prosecutorial authority. And, as Magistrate Judge Baxter explained, ADA Franklin's other alleged misconduct in connection with conducting plea negotiations and presenting evidence to the grand jury was protected by absolute immunity. Dkt. No. 7, pp. 7-8. Finally, although Plaintiff asks that the dismissal of DA Wilkinson be without prejudice, he fails to state any basis for that request. Dkt. No. 22, p. 3.

Plaintiff also objects to the dismissal because his "appeal is still pending;" he is sure that his conviction will be reversed; and a "440.10 has been filed." Dkt. No. 22, p. 2. That, however, does not alter the result required here. Under the *Heck* doctrine, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence *has already been invalidated*." *Heck*, 512 U.S. at 487 (emphasis added). The Court therefore adopts Magistrate Judge Baxter's recommendation that the case be dismissed as to defendant Jerkes in accord with *Heck*.

Finally, Plaintiff asks the Court to assign him counsel for this case. Dkt. No. 22, p. 3. While the court may ask an attorney to represent an individual who is unable to afford counsel, 28 U.S.C. 1915(e)(1), an indigent person must demonstrate that he is unable to obtain counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). In addition, "in deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance." *Id.* Once this threshold is met, the court is required to consider other criteria "such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would probably lead to a more just resolution of the dispute." *Carmona v. U.S. Bureau*

*of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Having found that Plaintiff's Complaint should be dismissed, the Court cannot at this point find that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d at 61. In light of the above, Plaintiff's request for appointment of counsel is denied without prejudice.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 7) is **ADOPTED** in all respects; and it is further

**ORDERED** that this action is **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) **WITH PREJUDICE** as against ADA Franklin and DA Wilkinson based on absolute immunity and failure to state a claim; and it is further

**ORDERED** that this action is **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to defendant Jerkes for failure to state a claim under *Heck v. Humphrey*, 512 U.S. 477 (1994); and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3) any appeal taken from this Court's order would not be taken in good faith; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED**.

Dated: April 14, 2017

Brenda K. Sannes
U.S. District Judge